IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYCIA LANE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-3175 |
| CBS BROADCASTING INC., t/a | : | |
| KYW TV-3, MICHAEL COLLERAN, | : | |
| JOHN DOE and JANE DOE | : | |

**SURRICK, J.**                                                                                             **AUGUST 27, 2008**

## MEMORANDUM & ORDER

Presently before the Court is Plaintiff's Motion to Remand (Doc. No. 4).[1]  For the following reasons, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

This lawsuit arises out of the January 1, 2008 termination of Alycia Lane ("Plaintiff") as a KYW-TV News Anchor following an incident in New York City in December, 2007.  Plaintiff initiated this lawsuit on January 30, 2008 by filing a praecipe for writ of summons in the Court of Common Pleas of Philadelphia.  (Doc. No. 1-3, Ex. A).  In the praecipe, Plaintiff identified the only defendant in her lawsuit as CBS Broadcasting Inc., t/a KYW TV-3 ("CBS"), and listed the defendant's address as 1555 Hamilton Street, Philadelphia, PA 19130.  (*Id*.)  Plaintiff attached to the praecipe for writ of summons a "Notice of Pre-Complaint Deposition Pursuant to Rule 4007.1(c) and Pre-Complaint Request for Production of Documents Pursuant to Rule 4007.1(d)(1)," in which Plaintiff noticed the depositions of Michael Colleran, President and

---

[1] The instant Motion represents the second time in the last several months that we have been asked to resolve a removal dispute in this case.

General Manager of KYW-TV, and Susan Schiller, Vice President and News Director of KYW-TV.  In addition, attached to the notice is a print-out of an email sent by Colleran and Schiller to KYW staff on December 12, 2007, the day after the New York incident.  Plaintiff also attached a copy of a letter dated January 3, 2008 from her attorney to Colleran requesting that the parties meet and discuss the matter, suggesting that any termination of her employment was premature and in violation of her employment contract, and advising that Defendant not destroy any papers relating to the case.  In addition, Plaintiff attached a print-out from the CBS website, wherein Colleran announced Plaintiff's termination.

     On January 30, 2008, the Prothonotary issued the writ of summons and Plaintiff served the writ and notice of pre-complaint discovery on the named defendant, CBS, that same day.  (Doc. No. 1 ¶ 6;  Doc. No. 4 at 9.)  CBS subsequently removed the action to federal court.  On April 2, 2008, we remanded the case as having been removed prematurely.  *See Lane v. CBS Broadcasting Inc.*, Civ. A. No. 08-0777, 2008 U.S. Dist. LEXIS 26906, at *4-20 (E.D. Pa. Apr. 2, 2008).[2]

     Upon return to state court, Plaintiff attempted to pursue pre-complaint discovery.  (Doc. No. 1 ¶¶ 11-12; Doc. No. 4 at 9-11.)  The court denied Plaintiff's discovery requests and ordered her to file a complaint within thirty days.  (Doc. No. 1 ¶ 13; Doc. No. 4 at 9-11.)  On June 19, 2008, Plaintiff filed a Complaint setting forth claims of defamation (Count I) and false light

---

[2] In the 08-cv-0777 action, CBS stated in its Notice of Removal that "[c]opies of Plaintiff's January 30, 200[8] 'Praecipe and Writ of Summons' were delivered to an inaccurate station address, namely 101 South Independence Mall, Philadelphia, PA, although the face of the 'Praecipe' lists the station address of CBS Broadcasting Inc. t/a KYW-3 as 1555 Hamilton Street, Philadelphia, PA 19103."  (Civ. A. No. 08-0777, Doc. No. 1 ¶ 9.)  CBS did not argue that service of process was defective, however, and does not raise any objection to service in the present action.

(Count II) against CBS. (Doc. No. 1, Ex. F.) However, the Complaint also named Michael Colleran as a defendant as well as individual defendants "John Doe" and "Jane Doe," who "are employed by KYW-TV and are in management positions with KYW-TV and/or CBS." (Doc. No. 1, Ex. F ¶ 9.)

On July 7, 2008, CBS removed the case to federal court on the basis of diversity jurisdiction. (Doc. No. 1 ¶¶ 34-44.) Plaintiff is a Pennsylvania citizen, (Doc. No. 1 ¶ 7, Ex. F ¶ 6), CBS is a New York corporation with a principal place of business in New York, (Doc. No. 1 ¶ 7, Ex. F ¶ 7), Colleran is a Pennsylvania citizen, (Doc. No. 1, Ex. F ¶ 8) and the Doe defendants have no identified citizenships, (Doc. No. 1, Ex. F ¶ 9). CBS argues that Colleran and the Doe defendants were not properly joined as parties, and that their joinder is a nullity. (*Id*. ¶¶ 16-20.) CBS argues that the citizenship of these improperly added defendants does not destroy federal diversity jurisdiction. (*Id*. ¶ 20.) Alternatively, CBS argues that even if Plaintiff had properly joined the individual defendants, their citizenship should be disregarded for jurisdictional purposes because Plaintiff fraudulently joined these defendants in order to defeat diversity jurisdiction. (*Id*. ¶¶ 21-33.)

Plaintiff responded on July 16, 2008 by filing a Motion to Remand. (Doc. No. 4.) Plaintiff asserts that removal was improper because (1) complete diversity does not exist, (2) Plaintiff has established colorable claims against Colleran, (3) CBS is precluded from arguing that Colleran was fraudulently joined, (4) any fraudulent joinder argument would fail, and (5) fraudulent misjoinder does not provide a basis for removal. (*Id*.)

On August 1, 2008, CBS filed a Response in Opposition to Plaintiff's Motion to Remand.

(Doc. No. 5.)  Plaintiff filed a Reply in Support of Her Motion to Remand on August 6, 2008.[3]

(Doc. No. 6.)  CBS subsequently filed a sur-reply on August 12, 2008.  (Doc. No. 7.)

**II.    DISCUSSION**

State-court actions that originally could have been filed in federal court may be removed to federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).[4]  However, a case removed to federal court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the claim.  28 U.S.C. § 1447(c) (2006).  The removing party bears the burden of proving that federal subject matter jurisdiction exists.  *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Jurisdiction in a federal district court may be based upon either: (1) a federal question under 28 U.S.C. § 1331[5] or (2) complete diversity under 28 U.S.C. § 1332.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).  The diversity jurisdiction provision states: "The

---

[3] Plaintiff's Reply requests that we grant sanctions against CBS.  (Doc. No. 6 at 1, 3, 4, 6, 9.)  We deny this request.  The confused procedural posture of this case is a direct result of Plaintiff failing to follow the procedural rules in state court.

[4] 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331(2006).

district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (2006).

It is not disputed that the amount in controversy exceeds $75,000.[6] The dispute before us centers on whether or not the citizenship of Michael Colleran can be considered in determining whether there is complete diversity between the parties.[7] Since Colleran and Plaintiff are both citizens of Pennsylvania, complete diversity cannot exist if we conclude that

---

[6] When a complaint does not limit its request to a precise monetary amount, the court must make an independent appraisal of the claim's value to determine whether it satisfies the amount in controversy requirement. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus*, 989 F.2d at 146). Whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *Angus*, 989 F.2d at 145.
  In its Notice of Removal, CBS asserts that "[a]lthough the Complaint does not specify the amount in controversy, the allegations relating to Plaintiff's reputation and loss of income clearly reveal that Plaintiff's claim for damages would be well above the $75,000.00 jurisdictional limit." (Doc. No. 1 ¶ 42.) Plaintiff does not address this issue in any of her filings with the Court. Plaintiff's Complaint requests "compensatory and punitive damages in an amount in excess of the statutory minimum for arbitration," $50,000. (Doc. No. 1, Ex. F ¶ 105.) Plaintiff's Complaint also charges that the alleged defamatory statement and false light caused "concrete economic loss which is computable in dollars as a result of her lost wages, the reluctance of employers to hire the Plaintiff in her chosen field, her inability to receive compensation equal to her former salary, her inability to obtain employment of a status equal to that of her former job, and other quantifiable economic losses." (*Id.* ¶ 96.) CBS submitted a Declaration of Martin P. Messinger, Vice President and Assistant Secretary of CBS, who stated that "[a]t the time of Ms. Lane's recent termination from employment, I can state and attest to the fact that the amount of compensation which remained to be paid to Ms. Lane under that Employment Agreement, if it had not been terminated by CBS Broadcasting, would have been well in excess of $75,000.00." (Doc. No. 1, Ex. G ¶ 14.)

[7] The citizenship of the Doe defendants is not relevant to our analysis because the removal statute provides that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

Colleran's citizenship must be considered in our jurisdictional analysis.

CBS contends that Colleran "was added as a party in a fatally defective manner, contrary to Pennsylvania law." (Doc. No. 5 at 1.) CBS argues that the attempted joinder is a legal nullity and Colleran's citizenship does not destroy complete diversity. (*Id*. at 1-2.) Plaintiff asserts that the Court cannot disregard the citizenship of a non-diverse party except in the case of fraudulent joinder, (Doc. No. 6 at 2), and that "a party asserting a procedurally defective state court joinder of a non-diverse party should challenge the joinder in state court, prior to removal," (*id*. at 5).

In arguing that the Court cannot disregard the citizenship of a party, Plaintiff misses the point. To disregard Colleran's citizenship would not be to disregard the citizenship of a party because Colleran is *not* a party to this action.[8] Moreover, we are not disregarding Colleran's citizenship pursuant to the fraudulent joinder doctrine, because Colleran was never properly joined in the first instance. *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) ("When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.").

---

[8] The case of *Stransky v. American Isuzu Motors, Inc*, 829 F. Supp. 788 (E.D. Pa. 1993), involved similar procedural circumstances. In *Stransky*, the plaintiffs filed and served a writ of summons, which showed diversity of citizenship, in Pennsylvania state court. *Id*. at 789. The case was removed to federal court and remanded back to state court. *Id*. The plaintiffs subsequently filed a complaint and added a non-diverse defendant to the caption. *Id*. at 790. The defendants removed the case again, arguing that the district court should disregard the citizenship of the non-diverse defendant because "the joinder was improper at that stage in the state court proceeding without obtaining a court order as required under Rule 2232 . . . ." *Id*. The plaintiffs responded by filing a motion to remand, as well as a motion to file an amended complaint "'in order to validate their earlier addition of [the non-diverse defendant].'" *Id*. Rather than deciding whether the addition of the non-diverse party was proper under Pennsylvania law, the court granted the plaintiffs' motion for joinder of the additional defendant pursuant to 28 U.S.C. § 1447(e). *Id*. at 790-91.

In Pennsylvania, a party may commence an action in one of two ways: (1) by filing a praecipe for writ of summons or (2) by filing a complaint. Pa. R. Civ. P. 1007 (2007). A plaintiff may add a new party defendant without leave of court by having a writ reissued or a complaint reinstated upon praecipe to the prothonotary of the state court, Pa. R. Civ. P. 401(b)(2), or, "[i]f an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process," Pa. R. Civ. P. 401(b)(5).[9] This mechanism for joinder of additional defendants without leave of court, however, can only be used prior to service of original process on any defendant. *See Home Ins. Co. v. Law Offices of Jonathan DeYoung,* 107 F. Supp. 2d 647, 652 (E.D. Pa. 2000); *Zapolski v. RCA Corp.*, 576 A.2d 1145 (table), 1990 Pa. Super. LEXIS 4151, at *3-4 (Pa.

---

[9] Pennsylvania Rule of Civil Procedure Rule 401(b) provides in relevant part:

(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . . the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

. . . .

(5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa. R. Civ. P. 401(b).

Super. 1990); *Yates v. Pacor, Inc.*, 507 A.2d 1258, 1260 (Pa. Super. 1986). The Superior Court of Pennsylvania has determined that

> since Rule [401] is chiefly concerned with means of continuing the validity of stale process, Rule [401(b)] "joinder" is properly limited to situations in which a complaint is being reinstated or a writ reissued solely because it was not served on any of the original defendants. In such a situation, Rule [401(b)] "joinder" can be effectuated during the reinstatement or reissuance. However, once a party defendant is served, Rule [401(b)] cannot be used as a joinder device since to do so would ignore the purpose of Rule [401] and obviate the purpose of Rule 2232. Therefore, once a party defendant is served, plaintiff may only effectuate the joinder of addition parties by means other than Rule [401(b)].

*Yates*, 507 A.2d at 1260.[10] In *Yates*, the plaintiff filed and served a complaint naming various defendants. *Id*. at 1259. The plaintiff subsequently filed a reinstated complaint naming additional defendants. *Id*. One of the new party defendants objected to joinder under Rule 401(b). *Id*. The Superior Court agreed that parties could only be joined under Rule 401(b) if service had not yet been made. *Id*. *See also Home Ins. Co.*, 107 F. Supp. 2d at 652 ("Applying the teachings of *Yates*, given that at the time the original writ was reissued, service on the original defendants had already occurred, [the plaintiff] had no power under Rule 401 to join [the defendant's] personal representative as an additional defendant without seeking leave of court, as provided under Rule 2232."); *Zapolski*, 576 A.2d 1145 (table), 1990 Pa. Super. LEXIS 4151, at *1-4 (finding that where plaintiffs added a new party defendant in a reissued writ of summons after service of the original writ, plaintiffs "improperly relied on Pa. R.C.P. 401(b)(2) when they should have followed the procedures established in Pa.R.C.P. 2232(c), which allows joinder at the court's discretion"). The rationale of these cases applies equally to bar a plaintiff from

---

[10] *Yates* addressed Pennsylvania Rule of Civil Procedure 1010(b), which is now Rule 401(b). *Yates*, 507 A.2d at 1259 n.1.

adding a new party defendant to a complaint under Rule 401(b)(5) after a writ of summons has been served. Under the circumstances, we are compelled to conclude that Plaintiff's attempt to join Michael Colleran was improper and that Colleran's citizenship may be disregarded because he is not properly a party in this action.

Plaintiff argues, however, that "even if KYW-TV could establish that the state court joinder of Colleran was defective and that Colleran's citizenship should be disregarded, the Plaintiff can cure any defect by filing an Amended Complaint as of right in this Court naming Colleran" pursuant to Federal Rule of Civil Procedure 15(a). (Doc. No. 6 at 4 n.2.) We disagree.

Rule 15(a) provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). In this district, where joinder of a new party would destroy diversity, courts routinely analyze the joinder under 28 U.S.C. § 1447(e),[11] even when there has been no responsive pleading served. *Estate of Mary Horvath v. Ciocca*, Civ. A. No. 07-2685, 2008 U.S. Dist. LEXIS 27791, at *5-6 (E.D. Pa. Apr. 4, 2008) ("If the amended complaint joins a non-diverse defendant . . . the court must review the motion to amend under 28 U.S.C. Section 1447(e), whether or not the defendant has served its responsive pleading."); *John Doe # 4 v. The Society for Creative Anachronism, Inc.*, Civ. A.

---

[11] Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts review motions under § 1447(e) in light of the following factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *John Doe # 4*, 2007 U.S. Dist. LEXIS 53644, at *9.

Nos. 07-1439, 07-1440, 2007 U.S. Dist. LEXIS 53644, at *10 (E.D. Pa. Jul. 23, 2007) ("Section 1447(e) supersedes Rule 15."); *Lehigh Mechanical, Inc. v. Bell Atl. Tricon Leasing Corp.*, Civ. A. No. 93-673, 1993 U.S. Dist. LEXIS 10678, at *9 (E.D. Pa. Aug. 3, 1993) ("Despite the language of Rule 15(a) permitting a party to amend a pleading once as a matter of course at any time before a responsive pleading is served, . . . . the courts apply the discretionary review of section 1447(e) even when the party amends the complaint to join a party before the defendant serves a responsive pleading."). Therefore, if Plaintiff wanted to amend her Complaint to add Colleran, such proposed joinder would be subject to our analysis under § 1447(e). Plaintiff has not requested joinder under § 1447(e).

### III.   CONCLUSION

Since Michael Colleran is not a party in this case, his citizenship is not relevant to our jurisdictional analysis. There is complete diversity of citizenship between Plaintiff and Defendant CBS. Accordingly, we have subject matter jurisdiction and Plaintiff's motion to remand will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYCIA LANE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-3175 |
| CBS BROADCASTING INC., t/a | : | |
| KYW TV-3, MICHAEL COLLERAN, | : | |
| JOHN DOE and JANE DOE | : | |

**<u>ORDER</u>**

AND NOW this <u>27th</u> day of August, 2008, upon consideration of Plaintiff's Motion to Remand, (Doc. No. 4), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge